**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

UNITED STATES of AMERICA EX REL.
UNITED STEEL, INC.,

     Plaintiff,

        v.

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND, ZURICH AMERICAN
INSURANCE COMPANY, and LIBERTY
MUTUAL INSURANCE COMPANY,

     Defendants.

CIVIL ACTION
Docket No.

**COMPLAINT**

The United States of America pursuant to 40 U.S.C. § 3131, *et seq.*, commonly referred to as the Miller Act, brings this action to recover against a payment bond for work performed and materials supplied by the Plaintiff United Steel, Inc. ("United Steel") for the benefit of the United States of America, against Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, and Liberty Mutual Insurance Company:

**PARTIES**

1.     Plaintiff United Steel is a Connecticut corporation with a principal place of business in the City of Hartford, County of Hartford and State of Connecticut.

2.     Defendant Fidelity and Deposit Company of Maryland ("Fidelity") is an Illinois corporation with its principal place of business in the Village of Schaumburg, in the Counties of Cook and DuPage, in the State of Illinois.

3.      Defendant Zurich American Insurance Company ("Zurich") is a New York corporation with its principal place of business in the Village of Schaumburg, in the Counties of Cook and DuPage, in the State of Illinois.

4.      Defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation with its principal place of business in the City of Boston, County of Suffolk and Commonwealth of Massachusetts.

## JURISDICTION & VENUE

5.      United Steel and Whiting-Turner Contracting Company, LLC, ("Whiting-Turner") entered into a contract (the "Subcontract") to supply structural steel and miscellaneous metal for the U.S. Navy B178 Waterfront Support Facility located at Portsmouth Naval Shipyard, Kittery, ME 03904 (the "Project").  A copy of the Subcontract is attached as **Exhibit A**.

6.      As required by federal law, Whiting-Turner furnished a payment bond for the Project (the "Payment Bond") guaranteed by Defendants Fidelity, Zurich, and Liberty, as sureties (collectively, the "Sureties").  A copy of the Payment Bond is attached as **Exhibit B**.

7.      The Subcontract requires disputes between United Steel and Whiting-Turner to be litigated in Maryland.  Accordingly, a separate suit for breach of contract is being brought against Whiting-Turner in the appropriate jurisdiction.

8.       United files this Miller Act claim in the name of the United States of America against the Sureties pursuant to 40 U.S.C. §§ 3131, 3133.

9.      Under the Miller Act, 40 U.S.C. § 270b, venue is proper as the location of the Project for which United Steel provided services and materials, the Portsmouth Naval Shipyard, lies in Kittery, Maine, which is within the District of Maine.

## BACKGROUND

10.     The initial Subcontract amount was $7,056,000.00 and later increased to a total contract value of $11,290,371.55 by approved change orders.

11.     As required by the Subcontract, United Steel submitted pay applications to Whiting-Turner.  United Steel last received payment in July 2023.  United Steel's work is complete and after proper performance of the project requirements according to the contract documents $757,919.89 in properly submitted pay applications remain pending between United Steel and Whiting-Turner.

12.     A summary of outstanding pay applications sorted by date is below:

| Invoice/Pay App # | Date | Amount |
|---|---|---|
| 19 | 08/31/2023 | $303,134.79 |
| 20 | 09/30/2023 | $72,035.10 |
| 21 | 10/31/2023 | $22,400.00 |
| 22 | 11/30/2023 | $42,417.00 |
| 24 | 01/31/2024 | $37,950.00 |
| 25 | 02/29/2024 | $29,300.00 |
| 23 | 12/31/2023 | $65,960.00 |
| 26 | 03/31/2024 | $139,283.00 |
| 27 | 04/30/2024 | $8,890.00 |
| 28 | 05/31/2024 | $36,550.00 |
| | **Total** | **$757,919.89** |

13.     United Steel has also submitted numerous change order requests that remain pending (the "Pending Changes"). All but two of these requests are from August 2023 or prior. Several of the Pending Changes have been pending for more than a year.

14.     The Pending Changes total an additional $435,452.00.   Whiting-Turner's failure to timely process these change orders constitutes a material breach of the Subcontract.

## COUNT I:

### Payment Bond Claim and Miller Act Claim (40 U.S.C. § 3131, *et seq.*) Against All Defendants

15.     United Steel incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

16.     United Steel has a direct, contractual relationship with Whiting-Turner.

17.     United Steel performed and completed its obligations under the Subcontract with Whiting-Turner.

18.     Whiting-Turner was obligated to pay United Steel according to the terms of the Subcontract.

19.     Whiting-Turner was obligated to process and evaluate United Steel's change order requests according to the terms of the Subcontract.

20.     After timely notice and demand, Whiting-Turner has failed and refused to pay the amount due and owing to United Steel for its supplying the structural steel and miscellaneous metal provided to the Project pursuant to the Subcontract.

21.     Whiting-Turner did not pay United Steel in accordance with the Subcontract.

22.     Whiting-Turner has not paid all of United Steel's properly submitted pay applications.

23.     United Steel complied with all obligations under the Subcontract and fulfilled all conditions precedent to payment.

24.     In material breach of the Subcontract, Whiting-Turner has failed and refused to issue change orders to United Steel for the additional labor and materials provided to the Project.

25.     Whiting-Turner, as principal, and Fidelity, Zurich, and Liberty, as sureties, executed the Payment Bond for the protection of all persons, including United Steel, who furnished

labor and/or materials in the prosecution of the Project.

26.     United Steel is a proper claimant under the Payment Bond, as it furnished labor and/or materials in the prosecution of the Project through a valid Subcontract, and is in a class of those entitled to a right of action under the Payment Bond.

27.     Pursuant to the terms of the Payment Bond, the Sureties are jointly and severally liable to pay United Steel for all work performed and all services provided by United Steel to the Project for which United Steel has not been paid.

28.     Amounts remain due and owing to United Steel from Whiting-Turner under the Subcontract, despite United Steel having made demand upon Whiting-Turner for payment of such amounts owed, and rendering full performance required by the Subcontract, thus rendering the Sureties liable to United Steel under the Payment Bond for these amounts.

29.     In accordance with the Miller Act, United Steel formally notified the Sureties and Whiting-Turner of its claim under the Project and demanded payment from the Sureties for the amounts due and owing.

30.     In accordance with the Miller Act, United Steel has filed this action within an appropriate amount of time from the date on which United Steel performed the last of the labor or furnished or supplied the last of the material on the Project but less than one year from such date.

31.     Any and all conditions precedent to bringing an action on the Payment Bond have been satisfied or previously waived.

32.     United Steel is entitled to the benefits of the Payment Bond provided by the Sureties.

33.     United Steel is entitled to judgment against the Sureties for all amounts due under the Subcontract in accordance with its obligations under the Payment Bond.

34.     United Steel seeks damages in an amount to be determined at trial.

35.     United Steel is also entitled to recover its attorneys' fees and costs in this action under the terms of the Contract and/or as otherwise permitted by law.

### PRAYER FOR RELIEF

36.     WHEREFORE, Plaintiff United Steel, Inc. prays the Court grant relief as follows:

a.      Judgment in Plaintiff's favor on all claims made herein;

b.      Compensatory damages in an amount to be proven at trial;

c.      An award of punitive damages for intentional and willful acts;

d.      An award of interest, attorneys' fees, and costs; and

e.      Such other and further relief as the Court deems proper.

DATED at Portland, Maine this 27th day of June 2024.


/s/ Asha A. Echeverria
Asha A. Echeverria, Bar No. 4165

Bernstein Shur
100 Middle Street; PO Box 9729
Portland, ME  04104-5029
(207) 774-1200
aecheverria@bernsteinshur.com

Attorney for United Steel, Inc.